UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| SANDRA K. NICHOLS, et al.,<br><br>    Plaintiffs,<br><br>V.<br><br>1st STOP, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 5:16-cv-479-KKC<br><br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. [DE 34.] For reasons enumerated below, the Court **GRANTS** the Defendants' motion in full. The Plaintiffs' claims are dismissed accordingly.

## BACKGROUND

Plaintiff Sandra K. Nichols seeks compensatory damages for injuries sustained during a slip and fall which occurred on November 3, 2015, at the 1st Stop Gas Station in Cynthiana, Kentucky ("1st Stop"). [DE 12, at 4.] Though she did not attach any medical records to her original or amended complaint, Nichols alleges that she was permanently injured in the fall and is no longer able to work. [DE 36, at 1.] Nichols's husband Dana, also a Plaintiff in this action, seeks derivative damages for loss of consortium. [DE 12, at 10.]

On the day of the accident, Sandra Nichols went into the 1st Stop to get a cup of ice while her husband and others waited outside in a car. [34-2, at 6.] While Nichols was waiting in the checkout line, a young boy pushed against the door as he tried to exit the store. When he pushed, his feet slid backward and wrinkled one of the two commercial floormats located just inside the entrance/exit of the 1 Stop. [DE 36, at 1.]

Shortly after the boy wrinkled the floormat, Nichols realized she did not have enough money to pay for her ice, so she traversed the wrinkled mat on her way outside to get some change from the car. [DE 34-2, at 5.] Security camera footage shows Nichols walking across the wrinkled floormat and leaving the store without incident. [DE 34-4.] It also shows (while Nichols was outside) another customer entering the store and walking on the mat without incident. [DE 34-4.]

About thirty-three seconds after the floormat wrinkle appeared and after she had already walked over it on her way out of the 1st Stop, Nichols tripped over the wrinkle in the mat on her way back inside. [DE 34-4.]. After she fell, store clerks tended to Nichols, who remained in the floor until paramedics arrived and took her out on a stretcher. During this time, the video shows several patrons walking on the wrinkled mat without any problem. [DE 36-1.]

The offending floormat was one of two just inside the doorway of the 1st Stop. These mats were provided by the Cintas Corporation, an Ohio company that provides an array of services to businesses nationwide. [DE 12, at 4.] Cintas replaced the 1st Stop floormats with fresh, clean ones every Monday and had replaced them the day before Nichols's fall.

Plaintiffs Sandra and Dana Nichols filed their negligence action in Harrison Circuit Court on October 14, 2016. The original complaint listed multiple defendants, including 1st Stop, its related corporate affiliates, and the owners of these entities, Robert and Linda Cantrell. [DE 1-1.] On December 28, 2016, the defendants removed the case to federal court based on diversity jurisdiction. Although Plaintiffs were later permitted to add Cintas Corporation as a defendant, they voluntarily dismissed all claims against Cintas, leaving only Robert and Lisa Cantrell, 1st Stop, Inc., and C-Stores Realty, Inc. as Defendants in this action.

## ANALYSIS

Defendants seek summary judgment under Fed. R. Civ. P. 56. [DE 34.] In support of their motion, the Defendants offer four arguments. First, they maintain that the floormats were not inherently dangerous. They point to the lack of any complaints or accidents involving these common commercial grade floormats which were maintained and replaced weekly by Cintas. [DE 388, at 3-4.] Second, Defendants assert that even when wrinkled, the offending floormat did not create an unreasonably dangerous condition because patrons, including Nichols, were able to walk over it without tripping. [DE 34-1, at 14-15.] Third, Defendants assert that even if the wrinkled mat created a dangerous condition, there was not enough time between the creation of the condition and Nichols's fall for the 1st Stop store clerks to repair or warn of it. [DE 38, at 7.] Fourth, Defendants claim that the Court should excuse them of any liability because the wrinkled mat constituted an open and obvious condition. [DE 34-1, at 9.]

### A.

To grant a motion for summary judgment, the Court must first find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party moving under Rule 56 harbors the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citation omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-25. Once the movant meets this initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient

"simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

B.

Kentucky law governs the underlying negligence claims in this case. *See Hayes v. Equitable Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001). To prevail in negligence, plaintiffs must prove: (1) a duty owed by the defendant; (2) a breach of that duty; (3) actual and proximate causation; and (4) harm to the plaintiff. *Helton v. Montgomery*, 595 S.W.2d 257, 258 (Ky. App. 1980). Generally, the existence of a duty is a question of law for the court and questions of breach, causation, and injury are factual questions for a jury. This general rule, however, is not absolute.

The first element is clearly met because businesses such as 1st Stop have a duty to exercise ordinary care in keeping their premises in a "reasonably safe condition for normal use by customers." *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 435 (Ky. 2003).

In analyzing the issues of breach and causation in commercial slip and fall cases, both federal and state courts have applied a burden shifting framework set forth by Kentucky's Supreme Court in *Lanier*, but they have differed in articulating exactly when a burden shifts from plaintiff to defendant. To simplify, this Court will follow the route charted by then United States District Judge Amul Thapar in *Stanley v. Walmart Stores E., LP*, No. 15-86-ART, 2016 WL 3079837 (E.D. Ky. May 31, 2016). There, Judge Amul Thapar observed that

4

in premises liability cases under Kentucky law, a plaintiff must demonstrate both the existence of an unreasonably dangerous condition and that the condition was a substantial factor in causing her accident and injury. *Id.* at *1. Once plaintiff satisfies both prerequisites, the burden shifts to the defendant to prove that it exercised reasonable care.[1] *Id.*

Here, the record is void of any evidence that the mats were inherently dangerous. It is undisputed that the floormats were of ordinary commercial grade and that they were maintained by Cintas on a weekly basis. Moreover, there is no evidence that anyone complained about the condition of the mats or that anyone had tripped or fallen because of them. Indeed, the affidavit of the store manager, Tim Burke, and the Plaintiffs' depositions reveal that the parties were unaware of any previous accidents involving the floormats. [DE 34-2; DE 34-3; DE 34-5.] Thus, this Court finds that Plaintiffs have not met their initial burden under *Lanier* regarding their claim that the floormats were inherently dangerous.

Even if this Court were to find that once wrinkled, one of the floormats presented an unreasonably dangerous condition on the premises, Defendants avoid liability if they can show that they exercised reasonable care given the circumstances. *Stanley*, 2016 WL 3079837, at *1.

In order to show that it exercised reasonable care, a defendant must make two showings: (1) that its employees did not cause the dangerous obstacle to be on the floor, and (2) that it had insufficient time to deal with the obstacle before it caused the plaintiff's injuries. *Stanley*, 2016 WL 3079837, at *1. Here, there is no evidence that the obstacle was

---

[1] Judge Thapar is not alone in interpreting *Lanier* this way. *See Denney v. Steak N Shake Operations, Inc.*, 559 F. App'x 485, 487 (6th Cir. 2014) (Mays, J., dissenting) ("On a motion for summary judgment, a plaintiff must show that a foreign substance or unreasonably dangerous condition was a 'substantial factor in causing . . . the customer's injuries.' "); *Key v. United States*, No. 1:11-CV-00100-JHM, 2013 WL 1411217, at *3 (W.D. Ky. Apr. 8, 2013), *aff'd* (Sept. 26, 2014) ("Under Kentucky law, Plaintiff has the burden of proving that a dangerous condition existed on the premises that caused her injury before the burden shifts to the United States to establish that it exercised reasonable care.").

5

caused by 1st Stop employees. Instead, the record reveals that the mats were of ordinary commercial quality, they were maintained by Cintas on a weekly basis, and that the mats had not caused complaints or injuries on the premises.

As to the sufficiency of time, the evidence shows that thirty-three seconds before Nichols was injured, another 1st Stop patron caused the mat to wrinkle when he pushed on the door. During that time, security tape shows customers, including Nichols, navigating the wrinkled mat without difficulty or incident. Thus, 1st Stop employees had little or no time to even detect the wrinkle, much less correct it.

This Court recognizes that in most business premises cases, sufficiency of time is a question that ought to be left to the jury. *Stanley*, 2016 WL 3079837 at *3 (holding that reasonable minds could differ as to whether three and a half minutes was enough time for Wal-Mart to repair or warn of condition); *Johnson v. Wal-Mart Stores E., LP*, 169 F. Supp. 3d 700, 708 (E.D. Ky. 2016) (noting that the reasonableness of leaving a spill unattended to for nine minutes and fifteen seconds is wholly dependent on the surrounding circumstances and cannot, therefore, be decided as a matter of law). This action, however, represents the truly exceptional case.

The Court concludes that no reasonable juror could be persuaded by Plaintiffs' argument that thirty-three seconds would have provided the store clerks with enough time to discover, fix or warn patrons of the wrinkled floormat. As such, the Court finds that the Defendants have shown the reasonableness of their actions and have sufficiently rebutted any presumption of negligence under the *Lanier* framework.

C.

Because it finds that summary judgment is appropriate on other grounds, this Court will not determine whether the wrinkled condition of the 1st Stop floormat created an open and obvious condition such that Nichols would be precluded from recovering for her injuries.

## CONCLUSION

It is HEREBY ORDERED THAT:

(1) Defendants' motion for summary judgment [DE 34] is **GRANTED**;

(2) A judgment will be entered contemporaneously with this order.

Dated February 21, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY